IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALIGN TECHNOLOGY, INC., § § **Plaintiff** § § vs. § § CLEARCORRECT, INC., § CLEARCORRECT OPERATING, LLC, § and CLEARCORRECT HOLDINGS, LLC § § **Defendants.** | Case No. 4:11-cv-00695 JURY DEMANDED |

## AMENDED COMPLAINT

Plaintiff Align Technology, Inc. files this amended complaint for patent infringement against Defendant ClearCorrect, Inc., ClearCorrect Operating, LLC, and ClearCorrect Holdings, LLC (collectively, "ClearCorrect"):

### THE PARTIES

1. Plaintiff Align Technology, Inc. ("Align") is a corporation organized under the laws of Delaware having its principal place of business in Santa Clara, California.

2. Upon information and belief, at all relevant times mentioned below, Defendant ClearCorrect, Inc. has been a corporation organized under the laws of Texas with a principal place of business in Houston, Texas.

3. Upon information and belief, at all relevant times mentioned below, Defendant ClearCorrect Operating, LLC, has been a limited liability company organized under the laws of Texas with a principal place of business in Houston, Texas.

4.     Upon information and belief, at all relevant times mentioned below, Defendant ClearCorrect Holdings, LLC, has been a limited liability company organized under the laws of Delaware with a principal place of business in Houston, Texas.

## JURISDICTION AND VENUE

5.     This lawsuit is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271 et seq.  The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.     ClearCorrect resides in this judicial district.

7.     Moreover, on information and belief, ClearCorrect regularly conducts business in this judicial district, and certain of the acts complained of herein occurred in this judicial district.

8.     Accordingly, the Court has personal jurisdiction over ClearCorrect, and venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

## THE PATENTS-IN-SUIT

9.     On November 2, 1999, United States Patent No. 5,975,893 ("the '893 patent"), entitled "Method and System for Incrementally Moving Teeth," was issued to Align.  At all relevant times Align has owned the '893 patent with full and exclusive right to bring suit to enforce the patent. A true and correct copy of the '893 patent is attached as Exhibit A.

10.    On April 17, 2001, United States Patent No. 6,217,325 ("the '325 patent"), entitled "Method and System for Incrementally Moving Teeth," was issued to Align.  At all relevant times Align has owned the '325 patent with full and exclusive right to bring suit to enforce the patent. A true and correct copy of the '325 patent is attached as Exhibit B.

11.    On June 4, 2002, United States Patent No. 6,398,548 ("the '548 patent"), entitled "Method and System for Incrementally Moving Teeth," was issued to Align.  At all relevant

times Align has owned the '548 patent with full and exclusive right to bring suit to enforce the patent. A true and correct copy of the '548 patent is attached as Exhibit C.

12. On October 29, 2002, United States Patent No. 6,471,511 ("the '511 patent"), entitled "Defining Tooth-Moving Appliances Computationally," was issued to Align. At all relevant times Align has owned the '511 patent with full and exclusive right to bring suit to enforce the patent. A true and correct copy of the '511 patent is attached as Exhibit D.

13. On March 16, 2004, United States Patent No. 6,705,863 ("the '863 patent"), entitled "Attachment Devices and Methods for a Dental Appliance," was issued to Align. At all relevant times Align has owned the '863 patent with full and exclusive right to bring suit to enforce the patent. A true and correct copy of the '863 patent is attached as Exhibit E.

14. On April 20, 2004, United States Patent No. 6,722,880 ("the '880 patent"), entitled "Method and System for Incrementally Moving Teeth," was issued to Align. At all relevant times Align has owned the '880 patent with full and exclusive right to bring suit to enforce the patent. A true and correct copy of the '880 patent is attached as Exhibit F.

15. On October 24, 2006, United States Patent No. 7,125,248 ("the '248 patent"), entitled "Attachment Devices and Methods for a Dental Appliance," was issued to Align. At all relevant times Align has owned the '248 patent with full and exclusive right to bring suit to enforce the patent. A true and correct copy of the '248 patent is attached as Exhibit G.

16. On November 14, 2006, United States Patent No. 7,134,874 ("the '874 patent"), entitled "Computer Automated Development of an Orthodontic Treatment Plan and Appliance," was issued to Align. At all relevant times Align has owned the '874 patent with full and exclusive right to bring suit to enforce the patent. A true and correct copy of the '874 patent is attached as Exhibit H.

17. On August 25, 2009, United States Patent No. 7,578,674 ("the '674 patent"), entitled "Methods for Correcting Tooth Movements Midcourse in Treatment," was issued to Align. At all relevant times Align has owned the '674 patent with full and exclusive right to bring suit to enforce the patent. A true and correct copy of the '674 patent is attached as Exhibit I.

## NOTICE OF THE PATENTS-IN-SUIT

18. Align has complied and complies with the requirements of 35 U.S.C. § 287 by placing a notice of the '893, '548, '863, and '248 patents on all clear aligner therapy systems it manufactures and sells.

19. ClearCorrect has been on notice of the '893, '325, '548, '511, '863, '880, '248, and '874 patents at least since February 17, 2009 when ClearCorrect filed a complaint seeking a declaratory judgment that ClearCorrect did not infringe on any of Align's patents.

20. ClearCorrect voluntarily dismissed its declaratory judgment complaint without prejudice after Align filed a motion to dismiss for lack of subject matter jurisdiction.

## COUNT ONE:
## INFRINGEMENT OF THE '893 PATENT

21. Align realleges and incorporates herein the allegations of paragraphs 1 through 20 of this Complaint as if fully set forth herein.

22. In violation of 35 U.S.C. § 271, ClearCorrect has infringed and is still infringing the '893 patent by importing, making, offering to sell, and selling clear aligner therapy systems.

23. In violation of 35 U.S.C. § 271, ClearCorrect has infringed and continues to infringe the '893 patent by contributing to or actively inducing the infringement by others of the '893 patent by providing clear aligner therapy systems.

24. Upon information and belief, ClearCorrect has willfully infringed the '893 patent.

25. As a result of ClearCorrect's infringement, Align has suffered and will suffer damages.

26. Upon information and belief, ClearCorrect's acts of infringement of the '893 patent will continue after service of this complaint unless enjoined by the Court.

27. Unless ClearCorrect is enjoined by the Court from continuing its infringement of the '893 patent, Align will suffer additional irreparable damages and impairment of the value of its patent rights. Thus, Align is entitled to preliminary and permanent injunctions against further infringement.

## COUNT TWO:
## INFRINGEMENT OF THE '325 PATENT

28. Align realleges and incorporates herein the allegations of paragraphs 1 through 20 of this Complaint as if fully set forth herein.

29. In violation of 35 U.S.C. § 271, ClearCorrect has infringed and is still infringing the '325 patent by importing, making, offering to sell, and selling clear aligner therapy systems.

30. In violation of 35 U.S.C. § 271, ClearCorrect has infringed and continues to infringe the '325 patent by contributing to or actively inducing the infringement by others of the '325 patent by providing clear aligner therapy systems.

31. Upon information and belief, ClearCorrect has willfully infringed the '325 patent.

32. As a result of ClearCorrect's infringement, Align has suffered and will suffer damages.

33. Upon information and belief, ClearCorrect's acts of infringement of the '325 patent will continue after service of this complaint unless enjoined by the Court.

34. Unless ClearCorrect is enjoined by the Court from continuing its infringement of the '325 patent, Align will suffer additional irreparable damages and impairment of the value of its patent rights. Thus, Align is entitled to preliminary and permanent injunctions against further infringement.

## COUNT THREE:
## INFRINGEMENT OF THE '548 PATENT

35. Align realleges and incorporates herein the allegations of paragraphs 1 through 20 of this Complaint as if fully set forth herein.

36. In violation of 35 U.S.C. § 271, ClearCorrect has infringed and is still infringing the '548 patent by importing, making, offering to sell, and selling clear aligner therapy systems.

37. In violation of 35 U.S.C. § 271, ClearCorrect has infringed and continues to infringe the '548 patent by contributing to or actively inducing the infringement by others of the '548 patent by providing clear aligner therapy systems.

38. Upon information and belief, ClearCorrect has willfully infringed the '548 patent.

39. As a result of ClearCorrect's infringement, Align has suffered and will suffer damages.

40. Upon information and belief, ClearCorrect's acts of infringement of the '548 patent will continue after service of this complaint unless enjoined by the Court.

41. Unless ClearCorrect is enjoined by the Court from continuing its infringement of the '548 patent, Align will suffer additional irreparable damages and impairment of the value of its patent rights. Thus, Align is entitled to preliminary and permanent injunctions against further infringement.

## COUNT FOUR:
## INFRINGEMENT OF THE '511 PATENT

42. Align realleges and incorporates herein the allegations of paragraphs 1 through 20 of this Complaint as if fully set forth herein.

43. In violation of 35 U.S.C. § 271, ClearCorrect has infringed and is still infringing the '511 patent by importing, making, offering to sell, and selling clear aligner therapy systems.

44. In violation of 35 U.S.C. § 271, ClearCorrect has infringed and continues to infringe the '511 patent by contributing to or actively inducing the infringement by others of the '511 patent by providing clear aligner therapy systems.

45. Upon information and belief, ClearCorrect has willfully infringed the '511 patent.

46. As a result of ClearCorrect's infringement, Align has suffered and will suffer damages.

47. Upon information and belief, ClearCorrect's acts of infringement of the '511 patent will continue after service of this complaint unless enjoined by the Court.

48. Unless ClearCorrect is enjoined by the Court from continuing its infringement of the '511 patent, Align will suffer additional irreparable damages and impairment of the value of its patent rights. Thus, Align is entitled to preliminary and permanent injunctions against further infringement.

## COUNT FIVE:
## INFRINGEMENT OF THE '863 PATENT

49. Align realleges and incorporates herein the allegations of paragraphs 1 through 20 of this Complaint as if fully set forth herein.

50. In violation of 35 U.S.C. § 271, ClearCorrect has infringed and is still infringing the '863 patent by importing, making, offering to sell, and selling clear aligner therapy systems.

51. In violation of 35 U.S.C. § 271, ClearCorrect has infringed and continues to infringe the '863 patent by contributing to or actively inducing the infringement by others of the '863 patent by providing clear aligner therapy systems.

52. Upon information and belief, ClearCorrect has willfully infringed the '863 patent.

53. As a result of ClearCorrect's infringement, Align has suffered and will suffer damages.

54. Upon information and belief, ClearCorrect's acts of infringement of the '863 patent will continue after service of this complaint unless enjoined by the Court.

55. Unless ClearCorrect is enjoined by the Court from continuing its infringement of the '863 patent, Align will suffer additional irreparable damages and impairment of the value of its patent rights. Thus, Align is entitled to preliminary and permanent injunctions against further infringement.

## COUNT SIX:
## INFRINGEMENT OF THE '880 PATENT

56. Align realleges and incorporates herein the allegations of paragraphs 1 through 20 of this Complaint as if fully set forth herein.

57. In violation of 35 U.S.C. § 271, ClearCorrect has infringed and is still infringing the '880 patent by importing, making, offering to sell, and selling clear aligner therapy systems.

58. In violation of 35 U.S.C. § 271, ClearCorrect has infringed and continues to infringe the '880 patent by contributing to or actively inducing the infringement by others of the '880 patent by providing clear aligner therapy systems.

59. Upon information and belief, ClearCorrect has willfully infringed the '880 patent.

60. As a result of ClearCorrect's infringement, Align has suffered and will suffer damages.

61. Upon information and belief, ClearCorrect's acts of infringement of the '880 patent will continue after service of this complaint unless enjoined by the Court.

62. Unless ClearCorrect is enjoined by the Court from continuing its infringement of the '880 patent, Align will suffer additional irreparable damages and impairment of the value of its patent rights. Thus, Align is entitled to preliminary and permanent injunctions against further infringement.

## COUNT SEVEN:
## INFRINGEMENT OF THE '248 PATENT

63. Align realleges and incorporates herein the allegations of paragraphs 1 through 20 of this Complaint as if fully set forth herein.

64. In violation of 35 U.S.C. § 271, ClearCorrect has infringed and is still infringing the '248 patent by importing, making, offering to sell, and selling clear aligner therapy systems.

65. In violation of 35 U.S.C. § 271, ClearCorrect has infringed and continues to infringe the '248 patent by contributing to or actively inducing the infringement by others of the '248 patent by providing clear aligner therapy systems.

66. Upon information and belief, ClearCorrect has willfully infringed the '248 patent.

67. As a result of ClearCorrect's infringement, Align has suffered and will suffer damages.

68. Upon information and belief, ClearCorrect's acts of infringement of the '248 patent will continue after service of this complaint unless enjoined by the Court.

69. Unless ClearCorrect is enjoined by the Court from continuing its infringement of the '248 patent, Align will suffer additional irreparable damages and impairment of the value of its patent rights. Thus, Align is entitled to preliminary and permanent injunctions against further infringement.

## COUNT EIGHT:
## INFRINGEMENT OF THE '874 PATENT

70. Align realleges and incorporates herein the allegations of paragraphs 1 through 20 of this Complaint as if fully set forth herein.

71. In violation of 35 U.S.C. § 271, ClearCorrect has infringed and is still infringing the '874 patent by importing, making, offering to sell, and selling clear aligner therapy systems.

72. In violation of 35 U.S.C. § 271, ClearCorrect has infringed and continues to infringe the '874 patent by contributing to or actively inducing the infringement by others of the '874 patent by providing clear aligner therapy systems.

73. Upon information and belief, ClearCorrect has willfully infringed the '874 patent.

74. As a result of ClearCorrect's infringement, Align has suffered and will suffer damages.

75. Upon information and belief, ClearCorrect's acts of infringement of the '874 patent will continue after service of this complaint unless enjoined by the Court.

76. Unless ClearCorrect is enjoined by the Court from continuing its infringement of the '874 patent, Align will suffer additional irreparable damages and impairment of the value of its patent rights. Thus, Align is entitled to preliminary and permanent injunctions against further infringement.

## COUNT NINE:
## INFRINGEMENT OF THE '674 PATENT

77. Align realleges and incorporates herein the allegations of paragraphs 1 through 20 of this Complaint as if fully set forth herein.

78. In violation of 35 U.S.C. § 271, ClearCorrect has infringed and is still infringing the '674 patent by importing, making, offering to sell, and selling clear aligner therapy systems.

79. In violation of 35 U.S.C. § 271, ClearCorrect has infringed and continues to infringe the '674 patent by contributing to or actively inducing the infringement by others of the '674 patent by providing clear aligner therapy systems.

80. Upon information and belief, ClearCorrect has willfully infringed the '674 patent.

81. As a result of ClearCorrect's infringement, Align has suffered and will suffer damages.

82. Upon information and belief, ClearCorrect's acts of infringement of the '674 patent will continue after service of this complaint unless enjoined by the Court.

83. Unless ClearCorrect is enjoined by the Court from continuing its infringement of the '674 patent, Align will suffer additional irreparable damages and impairment of the value of its patent rights. Thus, Align is entitled to preliminary and permanent injunctions against further infringement.

## PRAYER FOR RELIEF

Therefore, Align prays for the following relief:

(a) a preliminary and final injunction against the continuing infringement pursuant to 35 U.S.C. § 283;

(b) damages adequate to compensate Align for ClearCorrect's infringement of the '893, '325, '548, '511, '863, '880, '248, '874, and '674 patents pursuant to 35 U.S.C. § 284;

(c) treble damages pursuant to 35 U.S.C. § 284;

(d) an accounting for damages;

(e) interest and costs; and

(f) such other and additional relief as the Court deems just and proper.

Dated: August 19, 2011

Respectfully submitted,

SMYSER KAPLAN & VESELKA, L.L.P.

_____
Lee L. Kaplan
State Bar No. 11094400
Federal ID No. 1840
700 Louisiana, Suite 2300
Houston, Texas 77002
Telephone:    (713) 221-2300
Facsimile:    (713) 221-2320

ATTORNEY-IN-CHARGE FOR PLAINTIFF
ALIGN TECHNOLOGY, INC.

Of Counsel:

Thomas A. Counts, CA Bar No. 148051
Ryan Nier, CA Bar No. 243876
(*pro hac vice*)
PAUL HASTINGS LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA  94105-3441
Telephone:    (415) 856-7000
Facsimile:    (415) 856-7100
tomcounts@paulhastings.com

Elizabeth L. Brann, CA Bar No. 222873
(*pro hac vice*)
PAUL HASTINGS LLP
4747 Executive Drive
12th Floor
San Diego, CA 92121
Telephone:    (858) 458-3000
Facsimile:    (858) 458-311
elizabethbrann@paulhastings.com

ATTORNEYS FOR PLAINTIFF
ALIGN TECHNOLOGY, INC.

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to all counsel of record pursuant to Federal Rules of Civil Procedure on this the 19th day of August, 2011.

                                                  _____
                                                  Lee L. Kaplan