# McClanahan, Myers, Espey, L.L.P.
# Callier & Garza, L.L.P.

September 25, 2017

Hon. Vanessa D. Gilmore, United States District Judge
via e-mail to Byron_Thomas@txs.uscourts.gov

Re:  *Align Technology, Inc. v. ClearCorrect Inc., et al.,* Civil Action No. 11-00695

Dear Judge Gilmore:

Regrettably, it appears that disputes over privileged matters will not be resolved, no matter the level of ClearCorrect's cooperation.  Accordingly, ClearCorrect encourages the Court to grant Align's request for leave concerning the discovery matters identified in Mr. Kaplan's September 22, 2017 letter.  ClearCorrect suggests that the parties provide full briefing prior to a hearing so that ClearCorrect can fully respond to Align's complaints and tender evidence in response.

The privilege log, for example, was prepared under the terms of agreements made by the parties and utilized the information obtained by Align's chosen vendor. And Align's complaint about the absence of log entries after February of 2011 is perplexing because the parties expressly agreed that items prepared after Align filed suit need not be logged.  Align certainly has not provided a privilege log for such materials.

Align's common interest privilege complaints are likewise perplexing. Align apparently concedes that the privilege is applicable but should apply only *after* two separate entities have executed a merger agreement. Because this would render the privilege meaningless, Align's position should be clarified with full briefing.

With respect to Align's request for communications with all "non-litigation attorneys", this is a new request.  Likewise, with respect to Align's intentional waiver argument, it should also be fully briefed to understand the scope of its allegations and the applicability of FRE 502.

Respectfully submitted,

/s/ Joseph Callier
/s/ Randy McClanahan
Attorneys for ClearCorrect

cc:     All counsel