# C A L L I E R L A W G R O U P **P** L L C

www.callierlawgrouppllc.com

Joseph Alan Callier
callier@callierlawgrouppllc.com

BOARD CERTIFIED
CIVIL AND PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

4900 Woodway, Suite 700
Houston, Texas 77056
Telephone: 713-439-0248
Facsimile:  713-439-1908

December 11, 2018

Dear Judge Gilmore:

Align Technology, Inc.'s December 11, 2018 letter raises three issues, which are addressed, including correcting factual misstatements, below.

(1)  On November 21 and 30, 2018, ClearCorrect provided updated financials to reflect its accused sales information from July 2017 through October 2018. ClearCorrect agreed that Align's damages expert could update the report to provide supplemental damages calculations based on the updated sales information. However, due to the dispositive and non-dipositive motion and trial schedule, ClearCorrect cannot agree to Align's attempt to supplement an expert report (served 12 months ago) with potentially different opinions rather than calculations (based on updated sales information). Any alterations to Align's expert opinions would, necessarily, impact arguments (based on currently existing expert opinions) and the briefing schedule before trial. Finally, ClearCorrect noticed Align's damages expert for deposition on November 13, 2018 (during the discovery period), however, Align refused to present the expert (necessitating a Certificate of Non-Attendance). Align also refused to depose (as previously noticed) ClearCorrect's damages expert, despite ClearCorrect's willingness to present the expert. To extent that Align now seeks to depose ClearCorrect's damages expert, it is ClearCorrect's position that such would disrupt the Court's current Case Scheduling Order and Align's expert discovery request should be denied.

(2)  In accordance with its obligations under the Federal Rules of Civil Procedure 26(e), ClearCorrect updated Initial Disclosures to ensure that persons (likely to have relevant knowledge) were formally identified. Of the 167 individuals added to the Initial Disclosures, only 3 individuals were not previously identified during discovery. ClearCorrect unequivocally communicated to Align that if any of the new individuals will be witnesses at trial ClearCorrect will make them available for a deposition. ClearCorrect stands ready and willing to make those 3 individuals (Ashley Rogus, Ben Cummins, and Corey Johnson (identified given the change in company ownership)) available for a deposition. Align's attempt to exclude potential trial witnesses from supplemented disclosures, before the witness list deadline in the Scheduling Order, should be rejected.

(3)  Consistent with this Court's Case Scheduling Order, Discovery closed December 1, 2018; however, both ClearCorrect and Align served Rule 30(b)(6) notices before the end of discovery (with both producing updated financials after December 1, 2018). During the discovery period, Align had ample opportunity to pursue updated financials and a supplemental deposition regarding those financials. However, it chose instead to wait until the discovery period was waning to pursue updated financials and an additional deposition. Under Align's theory of discovery, they should be entitled to another Rule 30(b)(6) deposition, should ClearCorrect again update its financials before trial. Interestingly, Align refused to provide a witness on ClearCorrect's Rule 30(b)(6) notice served before the close of the discovery period. ClearCorrect requests that the Court reject Align's attempt to reopen discovery.

Discovery is closed and should remain closed so that the parties can prepare dispositive and non-dispositive motions, prepare pretrial disclosures, and keep the April 2019 trial date. Continued discovery places each of these in risk.

Sincerely,
*Joseph Alan Callier*
Joseph Alan Callier